UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MONTREAL D. GREER,

                    Plaintiff,

          v.                                        Case No. 23-cv-1580-bhl

SGT. MORRIS, et al.,

                    Defendants.

## SCREENING ORDER

Plaintiff Montreal D. Greer, who is currently serving a state prison sentence at the Columbia Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Greer's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Greer has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Greer has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $2.76. The Court will grant Greer's motion for leave to proceed without prepaying the filing fee.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint

or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

At the relevant time, Greer was an inmate at the Racine County Jail. Dkt. No. 1, ¶1. Defendants are Sgt. Morris and Sgt. Andrew Polaski. *Id.*, ¶2.

On November 26, 2021, Sgt. Morris and Sgt. Polaski ordered correctional staff to place Greer in a restraint chair. *Id.*, ¶¶4-5. A nurse arrived to check on Greer, and she indicated that the wrist restraints were too tight and she could not get a proper pulse; she asked correctional staff to loosen the wrist restraints. *Id.*, ¶¶6-8. Sgt. Morris and Sgt. Polaski both refused. *Id.*, ¶9. Later in the day, Greer told Sgt. Morris and Sgt. Polaski that he was having difficulty breathing and was having bad circulation in his right hand due to the tight wrist restraints. *Id.*, ¶10. They nevertheless continued to ignore Greer for the remainder of the day despite Greer's repeated pleas to loosen his wrist restrains. *Id.*, ¶¶11-12. When Greer was finally released from the restraint chair, his hand was cold and blue. *Id.*, ¶13. Greer states that "after being released from the chair, [he] wasn't checked by medical staff." *Id.*, ¶14. For relief, Greer seeks monetary damages. *Id.*, ¶20.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Greer asks to proceed on an excessive force claim and denial of medical care claim under the Eighth Amendment. Dkt. No. 1 at 1. The Eighth Amendment's Cruel and Unusual Punishments Clause prohibits "unnecessary and wanton infliction of pain" on prisoners. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). To state a claim for excessive force, Greer must allege that Defendants applied force maliciously and sadistically to cause harm rather than in a good faith attempt to maintain or restore discipline. *Id.* at 6-7. Factors relevant to Defendants' mental state include the need for force, the amount of force used, the threat reasonably perceived by officers, efforts made to temper the severity of the force, and the extent of injuries caused by the force. *Whitley v. Albers*, 475 U.S. 312, 321 (1986); *Rice*, 675 F.3d at 668. This excessive force standard

3

also applies to the use of restraints on a restraint chair. *See Rivera v. Lindmeier*, 560 F. App'x 619, 621 (7th Cir. 2014).

Greer alleges that Sgt. Morris and Sgt. Polaski placed unnecessarily tight restraints on his wrists for many hours on November 26, 2021, causing difficulty breathing and loss of circulation in his right hand. Greer states that their conduct was malicious and sadistic because a nurse told them the wrist restraints was too tight, at least from a medical perspective, but they ignored her guidance and expertise. Greer's placement in a restraint chair that day suggests that *some* force was necessary to protect him from self-harm, but at this stage, he has plausibly alleged that defendants used an amount of force greater than necessary to protect Greer from himself. *See e.g., Poff v. Wisconsin Res. Ctr.*, No. 16-CV-1225-JPS, 2016 WL 7017382, at *4 (E.D. Wis. Dec. 1, 2016). Therefore, Greer may proceed on an Eighth Amendment excessive force claim against Sgt. Morris and Sgt. Polaski in connection with the November 26, 2021 restraint-chair incident.

Greer also states, "after being released from the chair, [he] wasn't checked by medical staff." Dkt. No. 1, ¶14. However, this allegation is too vague to state a claim for denial of medical care. Greer does not explain who he asked for medical care and why he did not receive it. In other words, it's unclear if he asked Sgt. Morris and Sgt. Polaski for medical care and they refused to call medical staff; or if Sgt. Morris and Sgt. Polaski requested medical care but medical staff refused to provide it. In short, Greer has not alleged enough specific facts to proceed on a denial of medical care claim. That claim is dismissed.

### CONCLUSION

The Court finds that Greer may proceed on an Eighth Amendment excessive force claim against Sgt. Morris and Sgt. Polaski in connection with the November 26, 2021 restraint-chair incident.

**IT IS THEREFORE ORDERED** that Greer's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Sgt. Morris and Sgt. Polaski pursuant to Federal Rule of Civil Procedure 4. Greer is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Sgt. Morris and Sgt. Polaski shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that copies of the complaint and this order be sent to the administrator of the Racine County Jail, as well as to the Racine County Sheriff, and the Racine County Corporation Counsel.

**IT IS FURTHER ORDERED** that the agency having custody of Greer shall collect from his institution trust account the **$347.24** balance of the filing fee by collecting monthly payments from Greer's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Greer is transferred to another institution, the transferring institution shall forward a copy of this Order along with Greer's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Greer is located.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Greer is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on February 23, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

6