UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MONTREAL D. GREER,

        Plaintiff,

        v.                                          Case No. 23-cv-1580-bhl

SGT. MORRIS, et al.,

        Defendants.

---

## DECISION AND ORDER

---

Plaintiff Montreal Greer, who is representing himself, is proceeding on a Fourteenth Amendment claim in connection with allegations that Defendants Sgt. Morris and Sgt. Polaski used objectively unreasonable force in securing him to a restraint-chair on November 26, 2021 at the Racine County Jail. Dkt. No. 1. On October 1, 2024, Defendants filed a motion for summary judgment. Dkt. No. 18. Greer requested, and the Court granted, two extensions of his deadline to respond to the motion, with his latest extended deadline having expired on January 30, 2024. Dkt. Nos. 27-33. In granting Greer's most recent extension request, the Court specifically warned him that "[n]o further extensions of time will be granted absent good cause." Dkt. No. 33. Instead of responding within the time allowed in the latest extension, Greer has filed another motion for extension of time on January 27, 2025. Dkt. No. 34. In support of his motion, Greer states that jail staff lost or misplaced "all of his legal paperwork" and there is "no clear timeline as to when the plaintiff's paperwork will be found." *Id*. He asks for another extension of time or for permission to "withdraw this lawsuit without a strike being imposed." *Id*. The Court will deny Greer's motion for an extension of time for two reasons.

First, Greer has not shown good cause for yet another delay.  *See* Fed. R. Civ. P. 6(B)(1)(A); *see Alioto v. Town of Lisbon,* 651 F.3d 715, 715 (7th Cir. 2011) (noting that the "good cause" standard under Rue 6 focuses on the diligence of the party seeking the extension and prevention of procrastination from both parties).  Greer bases his latest extension request on his missing legal paperwork, which he contends that he lost on or around November 18, 2024, when he was transferred to Temporary Lock-Up.  *See* Dkt. No. 31.  But at that time, Greer already had possession of Defendants' summary judgment materials for more than seven weeks.  *See* Dkt. No. 18.  That should have been ample time to prepare a response in this straightforward case.  Indeed, Defendants' response materials are not complicated.  Defendants rely on videotape evidence showing that they did not use objectively unreasonable force during the incident at dispute.  *See* Dkt. No. 26.  Responding to that argument would not reasonably take months, even for a pro se incarcerated prisoner.  All Greer needed to do was prepare an affidavit or an unsworn declaration under 28 U.S.C. §1746 with his version of the events that he claims violated his rights.  Moreover, granting a further extension and dragging this case out would unfairly prejudice Defendants, who stand accused by Greer in a publicly filed lawsuit of violating Greer's rights.  Defendants have an interest in resolving this case promptly and, given the three months of extensions the Court has already provided Greer, it will not leave Defendants hanging in the lurch by granting a further extension.[1]

Second, Defendants' summary judgment materials make clear that granting Greer more time would be futile.  Defendants have filed videotape evidence showing that their use of force was reasonable and appropriate under the circumstances.  *See* Dkt. No. 26.  Indeed, videotape

---

[1] Greer also bears some of the blame if he does not have some of his legal materials to respond at this point.  If Greer had been diligent, he would have had more than enough time to respond before the incident in which his paperwork was apparently misplaced.  Greer received Defendants' summary judgment materials October 1, 2024, months before the papers allegedly went missing, and instead of responding promptly, he put off that task and requested an extension of his response time.  He must now accept the consequences of that decision.  Finally

2

Case 2:23-cv-01580-BHL     Filed 02/11/25     Page 2 of 3     Document 35

evidence is clear that Greer refused to leave his cell and initiated a physical altercation with staff that required his placement in an emergency restraint chair; that he physically resisted his placement in the restraint chair by pulling his legs and arms away from the restraint straps; that he successfully released himself from the restraint chair several times; that he continued resisting as Defendants attempted to re-restrain him; and that he was given multiple assessments by medical staff in response to his complaints that the restraints were too tight. *See id*. Videotape evidence shows that Defendants were calm and professional during the entire incident and used only the amount of force needed to restrain him and prevent him from releasing himself from the chair again. *See id*. Therefore, no reasonable jury could find in Greer's favor; and Defendants are entitled to judgment as a matter of law. *See Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015)(noting that there is no constitutional violation when the use of force is objectively reasonable under the circumstances). Additionally, pursuant to Civil Local Rule 56(b)(9), the Court finds that Greer's failure to timely respond to Defendants' motion is sufficient cause for the Court to grant the motion as a sanction for noncompliance.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for extension of time (Dkt. No. 34) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (Dkt. No. 18) is **GRANTED** and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on February 11, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge